## OHIO BRONZE POWDER CO v ALLISON etc

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9462. Decided Jan 21, 1929

E A Binyon, Cleveland, for Powder Co.
S M Young, Cleveland, for Allison.

**LEVINE, J.**

Defendant in error relied upon the leading case in Ohio, of **Bradford Glycerine Co. vs St Mary's Woolen Mfg. Co 60 OS. 560,** wherein it was held:

"Nitroglycerine is a substance usually recognized as highly explosive and dangerous, the storage of which at any place is a constant menace to the property in that vicinity. And one who stores it on his own premises is liable for injuries caused to surrounding property by its exploding, although he neither violates any provision of the law regulating its storage, nor is chargeable with negligence contributing to the explosion."

In the opinion of Judge Bradbury in the above case, it is stated that this rule of law is not confined to nitroglycerine and after reviewing a number of cases relating to the subject, he uses the following language:

"The tendency of these cases is toward holding the parties charged with the management of dangerous substances to a strict liability."

Plaintiff in error relying upon evidence adduced at the trial, contends that this rule of law applicable to dangerous substances such as nitroglycerine, is not applicable to the case at bar, because it is vigorously denied that aluminum powder is inherently dangerous.

After analysing the argument of counsel we can hardly find that there is any difference of opinion as to the rule of law applicable to the storing of dangerous substances on one's premises. The difference between the parties is one of evidence, as there was evidence introduced to support both the theory of defendant in error as well as the theory of plaintiff in error.

It is true that the evidence introduced by plaintiff in error was to the effect that the product is not dangerous unless it comes in contact with water after it is converted into a molten mass, by extreme heat; that only then, and not until then does it become explosive. There was also evidence introduced to the effect that the firemen who had battled the fire in the company's plant, by pouring water upon the molten mass caused the explosion. The proof, however, submitted by defendant in error is of an entirely different character. It tends to show that the substance is inherently dangerous and that explosions will occur on premises where the substance is stored without it coming in contact with water.

The court submitted the question to the jury as a question of fact, whether the bronze powder was highly explosive and dangerous. The jury by returning a general verdict unquestionably supported the theory of defendant in error. The case therefore resolves itself into a question of fact only, and there being evidence to support either theory we feel ourselves bound by the finding of the jury. The judgment of the Common Pleas Court will therefore be affirmed.

Sullivan, PJ, and Vickery, J, concur.